# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## (Northern Division)

|  |  |  |
|---|---|---|
| DOUGLAS KOON and EDWARD HUMES, *individually and on behalf of all others similarly situated,* c/o Brown, Goldstein & Levy, LLP 120 E. Baltimore Street, Suite 2500 Baltimore, Maryland 21202 (Residences: Georgia, Maryland), | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:25-cv-3783 |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| COWAN SYSTEMS, LLC, Serve on: The Corporation Trust Incorporated 2405 York Rd., Ste. 201 Lutherville Timonium, MD 21093-2264, | ) ) ) ) ) ) | |
| and | ) ) | |
| SCHNEIDER NATIONAL, INC., As Successor in Interest to Cowan Systems, LLC Serve on: CT Corporation System 301 S. Bedford St., Suite 1 Madison, WI 53703, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## CLASS ACTION COMPLAINT AND JURY DEMAND

## INTRODUCTION

1.     This is a class action lawsuit brought on behalf of individuals who signed

agreements to be lease drivers for Defendant Cowan Systems, LLC (hereinafter "Cowan

Systems"), which was subsequently acquired by Defendant Schneider National, Inc. (hereinafter "Schneider National").

2.     Plaintiffs Douglas Koon and Edward Humes allege, on behalf of themselves and others similarly situated, that Defendant Cowan Systems violated 49 U.S.C. § 14704 and its regulations, referred to hereinafter as the Truth-in-Leasing ("TIL") regulations, and that both it and Defendant Schneider National are jointly liable for those violations.

3.     Plaintiffs further allege, on behalf of themselves and others similarly situated, that Defendant Cowan Systems violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code., Lab. & Empl. § 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code., Lab. & Empl. § 3-501, *et seq.*, and that both it and Defendant Schneider National are jointly liable for those violations.

4.     Plaintiffs seek damages, liquidated damages, interest, attorneys' fees and costs, and all other allowable relief.

## PARTIES

5.     Plaintiff Douglas Koon is an adult resident of Valdosta, Georgia.  He was a lease driver for Defendant Cowan Systems from approximately January 2020 to April 2023.  He was an "employee" of Cowan Systems within the meaning of the FLSA, the MWHL, and the MWPCL at these times.

6.     Plaintiff Edward Humes is an adult resident of Baltimore, Maryland. He has been a lease driver for Defendant Cowan Systems since approximately January

2022, both before and after Cowan Systems' acquisition by Defendant Schneider National.  He has been an "employee" of Cowan Systems within the meaning of the FLSA, the MWHL, and the MWPCL and, to the extent Defendant Schneider National is successor in interest to Cowan Systems, of Schneider National.

7.     For the Truth-in-Leasing claim, Plaintiffs bring this action on behalf of a putative class of similarly situated individuals, namely all individuals who have worked as lease drivers for Defendant Cowan Systems at any time since November 18, 2022.

8.     For the FLSA claim, Plaintiffs bring this action on behalf of all similarly situated individuals who may choose to "opt in" to this action pursuant to the FLSA, 29 U.S.C. § 216(b).  The claims under the FLSA meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

9.     For the MWHL and MWPCL claims, Plaintiffs bring this action on behalf of a putative class of similarly situated individuals, namely all individuals who have worked as lease drivers for Defendant Cowan Systems and have performed some work in Maryland at any time since November 18, 2023.

10.     Defendant Cowan Systems, LLC is a Maryland company, with a principal office address of 455 Hollins Ferry Road in Baltimore, Baltimore County, Maryland 21227.

11.     Defendant Schneider National, Inc. is a Wisconsin company, with a principal office address of 3101 S. Packerland Dr. in Green Bay, Brown County, Wisconsin 54313.

12.     Defendant Schneider National acquired Defendant Cowan Systems, which was headquartered in Baltimore County, Maryland, on or about December 2, 2024.

13.     Following the December 2024 acquisition, Defendant Schneider National has continued to operate Cowan Systems with the same personnel, branding, real estate, and drivers, including Plaintiff Humes.

14.     To the extent Defendant Cowan Systems is no longer able to satisfy a judgment, Defendant Schneider National is jointly liable for Cowan Systems' violations of Federal and Maryland labor laws occurring before the acquisition. Defendants satisfy all of the factors for successor liability: Schneider National had actual and/or constructive notice of those violations before the acquisition's closing—indeed, those violations were the subject of a separate suit captioned *Roberson v. Cowan Systems, LLC*, No. 1:23-CV-02865-SAG (D. Md.). After the acquisition's closing, there was substantial continuity in the operations and work force of Cowan Systems and Schneider National. Cowan Systems could have provided relief before the acquisition but, if the Court determines it no longer can, Schneider National is able to. *See generally U.S. Equal Emp. Opportunity Comm'n v. Phase 2 Invs. Inc.*, 310 F. Supp. 3d 550, 569–70 (D. Md. 2018); *Teed v. Thomas & Betts Power Sols., LLC.*, 711 F.3d 763, 765–66 (7th Cir. 2013); *Carrillo v. Borges Constr., LLC*, No. GJH-13-641, 2016 WL 5716186, at *6 n.5 (D. Md. Sept. 30, 2016).

15.     Defendant Cowan Systems remains registered under MC-271882 and US DOT Number 548880.  According to the SAFER – FMCSA management information systems, Cowan Systems reported that it operated 1,882 power units (trucks) and had 1,882 drivers as of November 2025.

16.     Defendant Schneider National operates a separate, wholly owned subsidiary, Schneider National Carriers, Inc., that is registered under MC-271882 and US DOT Number 264184.  According to the SAFER – FMCSA management information systems, Schneider National Carriers, Inc. reported that it operated 9,959 power units (trucks) and had 11,197 drivers as of November 2025.

17.     Defendant Cowan Systems, and Defendant Schneider National as successor-in-interest, were "employers" within the meaning of the FLSA, the MWHL, and the MWPCL.

## JURISDICTION AND VENUE

18.     This Court has federal question jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331.

19.     The Court has personal jurisdiction over Defendant Cowan Systems because Cowan Systems has corporate offices in Baltimore County, Maryland and does business in the State of Maryland.

20.     The Court has personal jurisdiction over Defendant Schneider National because Defendant does business in the State of Maryland.

21.     The Court has personal jurisdiction over Plaintiffs and the putative class because they have worked in Maryland and/or for companies that do business in Maryland.

22.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in

this judicial district and because Defendant Cowan Systems resides in this judicial district.

23.     For the FLSA claims, Plaintiffs bring this action on behalf of all similarly situated individuals who may choose to "opt in" to this action pursuant to the FLSA, 29 U.S.C. § 216(b).  The claims under the FLSA meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

24.     Plaintiffs and all others similarly situated are individually covered by the FLSA because they engaged in commerce or in the production of goods for commerce.

25.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs each consent to sue as a plaintiff under the FLSA.  Their consent to sue forms are attached as Exhibits A & B.

## FACTS

### I.    Defendant's business.

26.     Defendant Cowan Systems is a trucking company.

27.     Defendant Cowan Systems is licensed with the U.S. Department of Transportation as a carrier and broker.

28.     Defendant Cowan Systems employs drivers to transport its customers' freight in interstate commerce and Defendant Schneider National does so through both Cowan Systems and a separate, wholly owned subsidiary, Schneider National Carriers, Inc.

29.     Defendant Cowan Systems is a motor carrier and an authorized carrier under 49 U.S.C. §§ 13901 and 13902, *et seq*.

30.    Defendant Cowan Systems is covered by the FLSA, the MWHL, and the MWPCL, as is Defendant Schneider National as successor-in-interest to Cowan Systems.

31.    Defendant Cowan Systems transports property in equipment leased from and to individual truck drivers and entities.

**II.    Allegations relating to Truth-in-Leasing obligations.**

32.    Under federal law, motor carriers such as Defendant Cowan Systems may transport property in equipment that they themselves do not own only if the equipment is subject to a written lease agreement that meets DOT's regulatory requirements, known as the Truth-in-Leasing regulations (the "TIL regulations"), 49 C.F.R. § 376, *et seq.*

33.    As explained by the Interstate Commerce Commission when the regulations were promulgated, the purpose of the TIL regulations is "to eliminate or reduce opportunities for skimming and other illegal or inequitable practices." *Lease and Interchange of Vehicles*, 131 M.C.C. 141, 142 (1979).

34.    TIL regulations require the motor carrier's equipment lease to disclose, in writing, the amount that the motor carrier will pay the driver as compensation. 49 C.F.R. § 376.12(d).  The regulations also require that those leases disclose the details of any charge back items. *Id.* at § 376.12(h).  Leases between a motor carrier and a driver shall specify that the driver is not required to purchase or rent any products, equipment, or services from the motor carrier.  *Id.* at § 376.12(i).  Finally, the regulations

require the motor carrier to adhere to the terms of the lease. *Id*. § 376.12 (introductory paragraph).

35.　　In order to become lease drivers for Defendant Cowan Systems, individuals were required to sign several documents, including an Independent Contractor Operating Agreement ("ICOA").

36.　　Plaintiff Koon signed an ICOA with Defendant Cowan Systems in or around January 2020. Pursuant to Plaintiff Koon's best recollection, the ICOA that he signed was materially identical to the ICOA filed with the Complaint in the action captioned *Roberson v. Cowan Systems, LLC*, No. 1:23-CV-02865-SAG (D. Md.). A copy of that document is attached as Exhibit C.

37.　　Plaintiff Humes signed an ICOA with Defendant Cowan Systems in or around January 2022. Pursuant to Plaintiff Humes's best recollection, the ICOA that he signed was materially identical to the ICOA attached as Exhibit C.

38.　　On information and belief, that ICOA is a standard-form agreement that Defendant Cowan Systems presented to Plaintiffs and other lease drivers on a take-it-or-leave it basis which all lease drivers are required to sign.

39.　　Plaintiffs also signed Equipment Lease Agreements with Purchase Option with Cowan Equipment Leasing, LLC at the beginning of their tenure.

40.　　Cowan Equipment Leasing, LLC was an entity affiliated with Defendant Cowan Systems which shared the same corporate office with Cowan Systems.

41.     The Equipment Lease Agreement was a standard-form agreement that was presented to Plaintiffs and other lease drivers on a take-it-or-leave it basis which all lease drivers were required to sign.

42.     Defendant Cowan Systems required lease drivers to lease their trucks from Cowan Equipment Leasing, LLC.

43.     The ICOA constitutes a "lease" under the Truth-in-Leasing regulations, 49 C.F.R. § 376.2(e).

44.     The relationship between Defendant Cowan Systems and the lease drivers, including Plaintiffs, was subject to the Truth-in-Leasing regulations.

45.     The ICOA sets forth the compensation to be paid to drivers.

46.     Defendant Cowan Systems did not pay all compensation owed to drivers under the ICOA.

47.     For example, drivers did not receive compensation owed to them upon termination of their relationship with Defendant Cowan Systems.

48.     When Plaintiff Koon terminated his relationship with Defendant Cowan Systems, he was owed compensation per the ICOA.

49.     However, Defendant Cowan Systems did not pay him the compensation owed to him and instead informed him that it was holding amounts payable to him and not remitting those amounts to him.

50.     Defendant Cowan Systems required drivers to submit excessive documentation in order to receive compensation.

51.     Specifically, the ICOA states that compensation shall be paid "within 15 days after CONTRACTOR's submission of properly completed logs . . . , owner manifest, and those documents necessary to CARRIER to secure payment from its customers, including the signed freight bill, delivery receipt, or bill of lading."

52.     However, the TIL regulations limit the documents that a motor carrier may require for payment to "log books required by the Department of Transportation and those documents necessary for the authorized carrier to secure payment from the shipper." 49 C.F.R. § 376.12(f).

53.     Defendant Cowan Systems' requirement for excessive documentation for compensation harmed Plaintiffs and other drivers by potentially delaying or limiting their receipt of compensation and by requiring them to do additional uncompensated work (that is legally prohibited) in order to receive compensation.

54.     Defendant Cowan Systems made deductions or chargebacks from drivers' compensation that were not disclosed properly (or at all) in the ICOA.

55.     Nor does the ICOA specify clearly how each chargeback item is calculated and the extent and nature of any mark-ups or administrative fees added by Defendant Cowan Systems.

56.     For numerous chargebacks, the ICOA states that the amounts charged will be amounts paid "or otherwise incurred" by Defendant Cowan Systems.

57.     This does not satisfy the requirements of the TIL regulations because it does not clearly specify, disclose, and describe how those amounts have been calculated.

58.     For some chargebacks, the ICOA provides inadequate and/or inaccurate information about how amounts are to be calculated, *e.g.*, stating that messaging unit charges "includ[e] no mark-up or administrative charge benefiting" Defendant Cowan Systems.

59.     The ICOA states that Defendant Cowan Systems may charge interest on loans made to drivers for maintenance, repairs, and other expenses but does not adequately specify how such interest will be calculated.

60.     The ICOA states that the charge for base plates will be adjusted each year to account for over- and underpayments, but Defendant Cowan Systems did not always make those adjustments and/or credit drivers for overpayments.

61.     Defendant Cowan Systems made numerous deductions from drivers' compensation that are not disclosed at all in the ICOA.

62.     For example, Defendant Cowan Systems made deductions for drivers running out of fuel, despite not clearly disclosing such deductions in the ICOA.

63.     Defendant Cowan Systems made other undisclosed deductions, *e.g.*, those described as "TAGS – NATIONAL ROAD" ($29 to 33 per week for Plaintiff Koon) and "NATIONAL ROAD PREPASS" ($2.80 per week for Plaintiff Koon).

64.     The amounts that Defendant Cowan Systems deducted from lease drivers' earnings for fuel purchases exceeded the amounts it paid third parties for fuel and contained inadequately disclosed mark-ups.

65.     Defendant Cowan Systems did not comply with the Truth-in-Leasing requirements regarding insurance.

66.     Defendant Cowan Systems charged lease drivers more for insurance than the actual costs of insurance and did not adequately disclose mark-ups and/or "administrative fees."

67.     Defendant Cowan Systems charged lease drivers amounts for insurance that are not disclosed at all in the ICOA.

68.     For example, the ICOA states that physical damage insurance will be deducted as a percentage of the "CONTRACTOR-specified value of Tractor" plus an administrative fee to Defendant Cowan Systems, but the ICOA does not include any value of the tractor.

69.     Plaintiff Koon was charged $46.77 to $70.58 per week for physical damage insurance, but this amount was not properly disclosed.

70.     Plaintiff Humes was charged $40.87 to $43.03 per week for physical damage insurance, but this amount was not properly disclosed.

71.     Both Plaintiffs were also charged amounts ranging from $9.70 to $11.07 per week for bobtail insurance which was not properly disclosed in the ICOA.

72.     Defendant Cowan Systems required lease drivers to pay an amount from their earnings (typically $0.12 per mile per week up to a total of approximately $12,000) into an escrow fund.

73.     The amounts deducted from lease drivers' earnings for the escrow fund constituted an escrow fund under 49 C.F.R. § 376.2(l).

74.     However, Defendant Cowan Systems did not comply with the requirements in the Truth-in-Leasing regulations with respect to escrow funds.

75.    *Inter alia*, Defendant Cowan Systems did not properly return amounts deducted for the escrow fund to lease drivers after termination, and those amounts did not properly accrue interest.

76.    At termination, Defendant Cowan Systems withheld the funds from the escrow fund from lease drivers for improper and inadequately disclosed purposes, including, *inter alia*:  withholding funds for non-maintenance purposes, such as future lease payments; withholding funds for maintenance obligations accruing after the termination of the lease; and withholding funds as unlawful early termination penalties.

77.    Defendant Cowan Systems used a portion of the escrow fund to make payments to Cowan Equipment Leasing, LLC for another escrow fund that constitutes an escrow fund under 49 C.F.R. § 376.2(l) but as to which Cowan Systems did not comply with the TIL regulations, including by not paying interest and not returning the funds upon termination.

78.    Defendant Cowan Systems placed improper and unlawful conditions on the return of escrow funds under the Truth-in-Leasing regulations.

79.    In using escrow funds for these improper and unlawful purposes, Defendant Cowan Systems essentially turned the funds into general funds used to satisfy any obligations the company wished to impose, and Cowan Systems obtained a windfall by using the funds in this way.

80.    Because of Defendant Cowan Systems' use of escrow funds for improper and unlawful purposes, lease drivers rarely if ever received any funds back from the

escrow funds despite the fact that these monies were the lease drivers' own earnings that were retained by Cowan Systems.

81.    Defendant Cowan Systems' agreements with lease drivers did not satisfy the requirements of the Truth-in-Leasing regulations.

82.    Additionally, Defendant Cowan Systems did not adhere to the terms of its contracts with its lease drivers.

83.    Defendant Cowan Systems' retention of portions of drivers' earnings as set forth above constituted an improper windfall for Cowan Systems.

84.    Lease drivers suffered harm and sustained damages from Defendant Cowan Systems' actions, including (*inter alia*) improper retention of compensation owed to drivers, improper and excessive deductions from their earnings, and overcharging for fuel and other items.

## FLSA ALLEGATIONS

85.    Plaintiffs re-allege and incorporate by reference all previous paragraphs of this Complaint as if fully rewritten herein.

86.    Plaintiffs were each an "employee" of Defendant Cowan Systems under the FLSA.

87.    While driving for Defendant Cowan Systems, Plaintiffs Koon and Humes directly participated in moving goods and materials in interstate commerce.

88.    While driving for Defendant Cowan Systems, Plaintiffs Koon and Humes worked in the transportation industry.

89.    Additionally, while driving for Defendant Cowan Systems, Plaintiffs Koon and Humes themselves regularly traveled across state lines hauling freight for Cowan Systems and its customers.

90.    Plaintiffs Koon and Humes performed all of this travel while working for Defendant Cowan Systems.

91.    Additionally, Defendant Cowan Systems had employees engaged in commerce and/or who handled or otherwise worked on goods or materials that had been moved in or produced for commerce, including but not limited to Plaintiffs Koon, Humes, and other drivers.

92.    On information and belief, Defendant Cowan Systems had gross volume sales or business of at least $500,000 annually.

93.    Defendant Cowan Systems classified Plaintiffs as independent contractors when they were really the company's employees.

94.    On information and belief, Defendant Cowan Systems classified all drivers who signed the ICOA (or a similar document) as independent contractors when they were really the company's employees.

95.    Plaintiffs and other drivers classified as independent contractors were economically dependent on Defendant Cowan Systems.

96.    Under the ICOA, lease drivers were required to adhere to all of Defendant Cowan Systems' policies and procedures at risk of termination.

97.    Defendant Cowan Systems established minimum driver qualification standards to which lease drivers were required to adhere.

98.     Defendant Cowan Systems required lease drivers to submit driver logs and other paperwork in order to receive compensation.

99.     Defendant Cowan Systems required lease drivers to submit to medical examinations and drug and alcohol tests at Cowan Systems' discretion.

100.    Defendant Cowan Systems established policies to which lease drivers had to adhere regarding pre- and post-trip inspections, and drivers had to promptly inform Cowan Systems of any equipment issues.

101.    Defendant Cowan System retained exclusive possession, control, and use of the lease drivers' vehicles.

102.    Defendant Cowan Systems unilaterally controlled whether and to what extent drivers could use their vehicles to perform other work.

103.    Lease drivers were required to have their trucks identified as Defendant Cowan Systems vehicles when they were hauling freight for Cowan Systems' customers.

104.    Defendant Cowan Systems controlled whether lease drivers could have passengers in their vehicles and could unilaterally prohibit drivers from having passengers.

105.    Defendant Cowan Systems designated as confidential trade secrets information about its customers and required that drivers keep confidential that information as well as Cowan Systems' policies, procedures, forms, etc.

106.    Defendant Cowan Systems had exclusive authority over the rates customers were billed for the services Plaintiffs and other lease drivers provided.

107.    Defendant Cowan Systems issued all bills to its customers for the services Plaintiffs and other drivers provided.

108.    Defendant Cowan Systems collected all compensation from its customers for the services Plaintiffs and other lease drivers provided.

109.    Defendant Cowan Systems' customers did not pay Plaintiffs or other lease drivers for their services.

110.    Defendant Cowan Systems was solely responsible for paying Plaintiffs and other lease drivers for the services they provided to Cowan Systems' customers.

111.    Defendant Cowan Systems determined the method and rate used to compensate Plaintiffs and other lease drivers for their services.

112.    Defendant Cowan Systems determined the types and amounts of deductions and chargebacks it took from the compensation paid to Plaintiffs and other lease drivers.

113.    Defendant Cowan Systems determined the amounts of the deductions and chargebacks it took from the compensation paid to Plaintiffs and other drivers.

114.    Defendant Cowan Systems subjected Plaintiffs and other lease drivers to a variety of personnel policies, rules, and/or punishments that controlled and/or directed their activities and/or conduct while they performed services for Cowan Systems and/or its customers.

115.    Defendant Cowan Systems did not pay Plaintiffs and other lease drivers all wages owed under the FLSA.

116.    Plaintiffs and other lease drivers are entitled to be compensated for all hours worked, including but not limited to driving hours and non-driving hours during which the drivers were performing work for Defendant Cowan Systems and/or were engaged to wait to perform work for Cowan Systems, etc.

117.    Plaintiffs and other lease drivers are entitled to be compensated for sleeping time as required by the FLSA regulations.  Specifically, for tours of duty of less than 24 hours, all sleeping time must be compensated.  29 C.F.R. § 785.21.  For tours of duty of 24 hours or more, no more than eight hours of sleeping time may be deducted from compensable time.  29 C.F.R. § 785.22.

118.    Plaintiffs and other lease drivers were not paid at least the federal minimum wage of $7.25 per hour for all hours worked.

119.    For example, in Plaintiff Koon's last pay period, he was paid $0 despite working and driving miles for Defendant Cowan Systems.  Any work he performed went uncompensated, equating to a sub minimum wage rate of $0 per hour.

120.    Defendant Cowan Systems improperly withheld lease drivers' wages for their last week(s) of work; when Plaintiff Koon ended his relationship with Cowan Systems, he was not paid any wages for his last week(s) of work.

## MWHL AND MWPCL ALLEGATIONS

121.    Plaintiffs re-allege and incorporate by reference all previous paragraphs of this Complaint as if fully rewritten herein.

122.    Plaintiffs Koon and Humes worked in Maryland while employed by Defendant Cowan Systems.

123.    *Inter alia*, Plaintiff Koon took a trip through Hagerstown, Maryland on or about March 4, 2023, and Plaintiff Humes took trips to and from Baltimore, Maryland (where he lives and where Defendant Cowan Systems has a company office) on multiple occasions.

124.    Many, if not all, of Defendant Cowan Systems' lease drivers worked in Maryland during their employment.

125.    Defendant Cowan Systems' ICOA contains a provision stating that it "shall be governed by the laws of the United States and the State of Maryland, without regard to the choice-of-law rules of that State or any other jurisdiction."

126.    Defendant Cowan Systems misclassified Plaintiffs and other lease drivers as independent contractors when they were in fact employees under Maryland law.

127.    Defendant Cowan Systems did not compensate Plaintiffs and other lease drivers at the Maryland minimum wage ($15.00 per hour as of January 1, 2024) for all hours worked.

128.    Defendant Cowan Systems took unauthorized deductions from the compensation of Plaintiffs and other lease drivers, in violation of the MWPCL.

129.    For example, Defendant Cowan Systems made deductions for physical damage insurance, bobtail insurance, drivers running out of fuel, "TAGS – NATIONAL ROAD," and "NATIONAL ROAD PREPASS," but it did not receive express written authorization from the drivers for those deductions.

130.    None of these deductions were expressly authorized by Plaintiffs or the other lease drivers in writing, given the indeterminacy of the descriptions in the ICOA and other documents.

131.    Nor did Defendant Cowan Systems pay Plaintiffs and other lease drivers all wages owed at the end of employment.

132.    *Inter alia*, at termination, Defendant Cowan Systems improperly retained from lease drivers' earnings amounts that had been withheld as escrow funds and amounts purportedly owed for lease payments and other deductions.

133.    Additionally, Defendant Cowan Systems improperly withheld lease drivers' wages for their last week(s) of work; when Plaintiff Koon ended his relationship with Cowan Systems, he was not paid any wages for his last week(s) of work.

## CLASS ALLEGATIONS - TRUTH-IN-LEASING CLAIM

134.    Plaintiffs bring their Truth-in-Leasing claims against Defendants as a class action pursuant to Fed. R. Civ. P. 23 for and on behalf of the following class for which Plaintiffs seek certification:   All persons who executed contracts to become lease drivers with Defendant Cowan Systems at any time since November 18, 2022.

135.    This case may be maintained properly as a class action under Fed. R. Civ. P. 23(a), 23(b)(1), 23(b)(2) and/or 23(b)(3).

136.    The class is so numerous that joinder of all potential class members is impracticable.  On information and belief, the class is comprised of over two thousand

drivers. Plaintiffs do not know the exact size of the class since that information is within the control of Defendants.

137.    There are questions of law or fact common to the class that predominate over any individual issues that might exist. Common questions of law and fact include: the terms of contracts between Defendant Cowan Systems and lease drivers; the amounts and nature of deductions made from lease drivers' earnings; and the costs to Cowan Systems for deductions made from lease drivers' earnings.

138.     The class claims asserted by Plaintiffs are typical of the claims of potential class members. Defendants have operated in a highly regulated industry that required them to maintain standard operating procedures and uniform policies, procedures, and practices and adhere to laws and regulations governing motor carriers. Plaintiffs' and all class members' claims for damages can readily be calculated from Defendants' business records.

139.    Plaintiffs will fairly and adequately protect and represent the interests of the class. Their interest in challenging the unlawful practices of Defendant Cowan Systems motivates them to bring this case as a class action. Plaintiffs retained the undersigned counsel, who are experienced in class actions generally and on behalf of individuals working in the trucking industry.

140.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The alternative – numerous identical lawsuits alleging similar or identical causes of action – would not serve the interests of judicial economy and the prosecution of separate actions by the individual potential class

members would create a risk of inconsistent or varying adjudications with respect to individual potential class members that would establish incompatible standards of conduct for Defendants. Moreover, some class members – particularly current drivers – may be reluctant to bring their claims individually for fear of retaliation by Defendants.

141.    Public policy supports the broad remedial purposes of class actions in general and specifically to vindicate the rights afforded by the Truth-in-Leasing regulations to drivers, whose individual claims may be too small to warrant the expense of litigation.

142.    This class action will not be difficult to manage due to the uniformity of claims among the class members and the amenability of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

143.    The contours of the class will be easily defined by reference to business records kept by Defendants.

144.    Defendant Cowan Systems acted on grounds generally applicable to the class.

**COLLECTIVE ALLEGATIONS – FLSA CLAIM**

145.    Plaintiffs bring FLSA wage claims for all hours worked against Defendants on behalf of a collective of drivers pursuant to 29 U.S.C. § 216(b).

146.    Pending any modifications necessitated by discovery, Plaintiffs preliminarily define the collective as follows: All individuals who Defendant Cowan Systems engaged as lease drivers during the applicable statutory period and who did

not timely receive an hourly rate equal to or exceeding federal minimum wage for all hours worked.

147.    These claims meet the requirements for collective action certification under the FLSA.

148.    All potential opt-in plaintiffs are similarly situated with respect to the FLSA claims concerning minimum wage because Defendant Cowan Systems engaged all of them as lease drivers but failed to pay them an hourly rate equal to or exceeding federal minimum wage for all the hours they worked.

### CLASS ALLEGATIONS – MARYLAND WAGE CLAIMS

149.    Plaintiffs bring their Maryland wage claims (under the MWHL and the MWPCL) against Defendants as a class action pursuant to Fed. R. Civ. P. 23 for and on behalf of the following class for which Plaintiffs seek certification:   All persons who executed contracts to become lease drivers with Defendant Cowan Systems at any time since November 18, 2023, and who have performed some work in Maryland.

150.    This case may be maintained properly as a class action under Fed. R. Civ. P. 23(a), 23(b)(1), 23(b)(2) and/or 23(b)(3).

151.    The class is so numerous that joinder of all potential class members is impracticable.  On information and belief, the class is comprised of over one thousand drivers.  Plaintiffs do not know the exact size of the class since that information is within the control of Defendants.

152.    There are questions of law or fact common to the class that predominate over any individual issues that might exist. Common questions of law and fact include:

the economic realities of the relationship between Defendant Cowan Systems and the lease drivers, including the control exercised by Cowan Systems over the terms of the lease drivers' employment; compensable hours worked by lease drivers; compensation paid to lease drivers; deductions from wages not expressly authorized in writing; and non-payment of all wages owed at termination.

153.    The class claims asserted by Plaintiffs are typical of the claims of potential class members.  Defendants have operated in a highly regulated industry that required them to maintain standard operating procedures and uniform policies, procedures, and practices and adhere to laws and regulations governing motor carriers.  Plaintiffs' and all class members' claims for damages can readily be calculated from Defendants' business records.

154.    Plaintiffs will fairly and adequately protect and represent the interests of the class.  Their interest in challenging the unlawful practices of Defendant Cowan Systems motivates them to bring this case as a class action.  Plaintiffs retained the undersigned counsel, who are experienced in class actions generally and on behalf of individuals working in the trucking industry.

155.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The alternative – numerous identical lawsuits alleging similar or identical causes of action – would not serve the interests of judicial economy and the prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to individual potential class members that would establish incompatible standards of

conduct for Defendants.  Moreover, some class members – particularly current drivers – may be reluctant to bring their claims individually for fear of retaliation by Defendants.

156.    Public policy supports the broad remedial purposes of class actions in general and specifically to vindicate the rights afforded by the Maryland wage laws, whose individual claims may be too small to warrant the expense of litigation.

157.    This class action will not be difficult to manage due to the uniformity of claims among the class members and the amenability of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

158.    The contours of the class will be easily defined by reference to business records kept by Defendants.

159.    Defendant Cowan Systems acted on grounds generally applicable to the class.

**CLAIMS FOR RELIEF**

**COUNT I: TRUTH-IN-LEASING CLAIMS**

160.    Plaintiffs re-allege and incorporate by reference all previous paragraphs of this Complaint as if fully rewritten herein.

161.    Defendant Cowan Systems is a motor carrier licensed with the U.S. Department of Transportation.

162.    Defendant Cowan Systems violated the Truth-in-Leasing regulations, as set forth above, including improper, undisclosed and/or excessive deductions from

lease drivers' compensation and improper retention of and failure to distribute drivers' escrow funds.

163.    The terms of Defendant Cowan Systems' contracts with lease drivers have not adhered to the Truth-in-Leasing regulations, and Cowan Systems did not adhere to the terms of the contracts.

164.    Pursuant to 49 U.S.C. § 14704(a), Defendant Cowan Systems is liable to Plaintiffs and the other drivers for the damages that they suffered on account of Cowan Systems' violations of the Truth-in-Leasing regulations.

165.    Pursuant to the federal common law successor liability doctrine, applicable to Plaintiffs' Truth-in-Leasing claims, Defendant Schneider National is jointly and severally liable following its acquisition of Cowan Systems. Defendant Schneider National had actual and/or constructive notice of Cowan Systems' Truth-in-Leasing violations before the acquisition's closing—indeed, those violations were the subject of a separate suit captioned *Roberson v. Cowan Systems, LLC*, No. 1:23-CV-02865-SAG (D. Md.). After the acquisition's closing, there was substantial continuity in the operations and work force of Defendant Cowan Systems and Defendant Schneider National. Cowan Systems could have provided relief before the acquisition but, if the Court determines it no longer can, Schneider National is able to. *See generally Phase 2 Invs. Inc.*, 310 F. Supp. 3d at 569–70; *Teed*, 711 F.3d at 765–66.

166.    Plaintiffs bring this claim on behalf themselves and all others similarly situated under 49 U.S.C. § 14704(a).

## COUNT II:  FLSA CLAIMS

167.    Plaintiffs re-allege and incorporate by reference all previous paragraphs of this Complaint as if fully rewritten herein.

168.    Defendant Cowan Systems violated the FLSA, as detailed above, by failing to pay Plaintiffs and other lease drivers an hourly rate equal to or exceeding the federal minimum wage for all the hours they worked for Cowan Systems.

169.    Defendant Cowan Systems is liable to Plaintiffs and other lease drivers for the damages that they suffered on account of Cowan Systems' violations of the FLSA.

170.    Defendant Cowan Systems' violations of the FLSA were willful, and Cowan Systems did not act in good faith and with a reasonable belief that it had paid drivers all wages owed under the FLSA.

171.    Pursuant to the federal common law successor liability doctrine, applicable to Plaintiffs' FLSA claims, Defendant Schneider National is jointly and severally liable following its acquisition of Cowan Systems. Defendant Schneider National had actual and/or constructive notice of Cowan Systems' FLSA violations before the acquisition's closing—indeed, those violations were the subject of a separate suit captioned *Roberson v. Cowan Systems, LLC*, No. 1:23-CV-02865-SAG (D. Md.). After the acquisition's closing, there was substantial continuity in the operations and work force of Cowan Systems and Defendant Schneider National. Defendant Cowan Systems could have provided relief before the acquisition but, if the Court determines it no longer can, Schneider National is able to. *See generally Phase 2 Invs. Inc.*, 310 F. Supp. 3d at 569–70; *Teed*, 711 F.3d at 765–66.

172.    Plaintiffs bring this claim on behalf of themselves and all others similarly situated under 29 U.S.C. § 216(b).

## COUNT III:  MWHL CLAIMS

173.    Plaintiffs re-allege and incorporate by reference all previous paragraphs of this Complaint as if fully rewritten herein.

174.    Defendant Cowan Systems violated the MWHL, as detailed above, by failing to pay Plaintiffs and other lease drivers an hourly rate equal to or exceeding the Maryland minimum wage for all the hours they worked for Cowan Systems.

175.    Defendant Cowan Systems is liable to Plaintiffs and other lease drivers for the damages that they suffered on account of Cowan Systems' violations of the MWHL.

176.    Defendant Cowan Systems did not act in good faith and with a reasonable belief that it had paid drivers all wages owed under the MWHL.

177.    Pursuant to the successor liability doctrine, applicable to Plaintiffs' Maryland state law claims, Defendant Schneider National is jointly and severally liable following its acquisition of Defendant Cowan Systems. Defendant Schneider National had actual and/or constructive notice of Cowan Systems' MWHL violations before the acquisition's closing—indeed, those violations were the subject of a separate suit captioned *Roberson v. Cowan Systems, LLC*, No. 1:23-CV-02865-SAG (D. Md.). After the acquisition's closing, there was substantial continuity in the operations and work force of Cowan Systems and Defendant Schneider National. Cowan Systems could have provided relief before the acquisition but if the Court determines it no longer can, Schneider National is able to. *See generally Carrillo*, 2016 WL 5716186, at *6 n.5.

178.    Plaintiffs bring this claim on behalf of themselves and all others similarly situated under Md. Code., Lab. & Empl. § 3-427.

## COUNT IV:  MWPCL CLAIMS

179.    Plaintiffs re-allege and incorporate by reference all previous paragraphs of this Complaint as if fully rewritten herein.

180.    Defendant Cowan Systems violated the MWPCL, as detailed above, by taking deductions from drivers' wages that were not expressly authorized in writing and by not paying all wages owed upon termination.

181.    Defendant Cowan Systems is liable to Plaintiffs and other lease drivers for the damages that they suffered on account of its violations of the MWPCL.

182.    Defendant Cowan Systems' violation of the MWPCL was not as a result of a bona fide dispute.

183.    Pursuant to the successor liability doctrine, applicable to Plaintiffs' Maryland state law claims, Defendant Schneider National is jointly and severally liable following its acquisition of Defendant Cowan Systems. Schneider National had actual and/or constructive notice of Cowan Systems' MWPCL violations before the acquisition's closing—indeed, those violations were the subject of a separate suit captioned *Roberson v. Cowan Systems, LLC*, No. 1:23-CV-02865-SAG (D. Md.). After the acquisition's closing, there was substantial continuity in the operations and work force of Cowan Systems and Schneider National. Cowan Systems could have provided relief before the acquisition but, if the Court determines it no longer can, Schneider National is able to. *See generally Carrillo*, 2016 WL 5716186, at *6 n.5.

184.    Plaintiffs bring this claim on behalf of themselves and all others similarly situated under Md. Code., Lab. & Empl. § 3-507.2.

## JURY DEMAND

Plaintiffs, individually and on behalf of others similarly situated, hereby demand a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court grant the following relief:

a.    Certification of this action as a class action under Rule 23(b)(1), 23(b)(2) and 23(b)(3);

b.    Appointing Plaintiffs Douglas Koon and Edward Humes as class representatives and their counsel as class counsel;

c.    A judgment against Defendant Cowan Systems and/or Defendant Schneider National for all damages that lease drivers sustained as a result of violations of the Truth-in-Leasing regulations committed by Cowan Systems, which Schneider National acquired, including but not limited to damages sustained for all compensation not paid, all improper deductions and chargebacks made, all amounts improperly retained by Cowan Systems in excess of costs or expenses, all escrow funds improperly held from and not distributed to drivers, and all other damages;

d.    Restitution and/or disgorgement as to escrow funds improperly held from and not distributed to drivers, in violation of the Truth-in-Leasing regulations;

e.    Pre- and post-judgment interest;

f.    Attorneys' fees and costs, pursuant to 49 U.S.C. § 14704(e);

g.      Certification of an opt-in class for Plaintiffs' FLSA claims against

Defendants pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*;

h.      Permission for Plaintiffs to notify fellow drivers of their right to opt into

this action to pursue a claim against Defendants under the FLSA, pursuant to 29 U.S.C.

§ 216(b);

i.      An award of damages against Defendant Cowan Systems and/or

Defendant Schneider National for all unpaid minimum wages that are due to Plaintiffs

and all similarly situated lease drivers under the FLSA;

j.      Statutory liquidated damages against Defendants under the FLSA;

k.      A finding that Cowan Systems' violation of the FLSA was willful and that,

therefore, the statute of limitations for the FLSA claim is three years;

l.      An award of damages against Defendant Cowan Systems and/or

Defendant Schneider National for all unpaid minimum wages that are due to Plaintiffs

and all similarly situated lease drivers under the MWHL;

m.      Statutory liquidated damages against Defendants under the MWHL;

n.      An award of damages against Defendant Cowan Systems and/or

Defendant Schneider National for all unlawful deductions and all wages owed but not

paid at termination to Plaintiffs and all similarly situated lease drivers under the

MWPCL;

o.      Treble damages under the MWPCL;

p.      Attorneys' fees, costs, and/or interest; and

q.      Any other relief as this Court deems just and proper.

Respectfully submitted,

DOUGLAS KOON and EDWARD HUMES,
individually and on behalf all others similarly
situated,

By their attorneys,

_Anisha Queen_

Anisha S. Queen (Bar No. 20766)
Brown Goldstein & Levy LLP
120 East Baltimore Street, Suite 2500
Baltimore, MD 21202
Tel: (410) 962-1030
Fax: (410) 385-0869
aqueen@browngold.com

Hillary Schwab, Esq.
   *Pro hac vice* application forthcoming
Rachel Smit, Esq.
   *Pro hac vice* application forthcoming
Osvaldo Vazquez, Esq.
   *Pro hac vice* application forthcoming
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
Tel:  (617) 607-3260
Fax:  (617) 488-2261
hillary@fairworklaw.com
rachel@fairworklaw.com
oz@fairworklaw.com

Dated: November 18, 2025